# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

**KIMBERLY T. LOVETT,**

    **Plaintiff,**

v.                                                                           Civil Action No.:

**TRANSPORTATION DISTRICT COMMISSION**
**OF HAMPTON ROADS,**
d/b/a Hampton Roads Transit

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Kimberly T. Lovett (hereinafter "Ms. Lovett"), by counsel, and for her action under 29 U.S.C. § 206 *et seq.* of the Equal Pay Act (hereinafter the "EPA") and the Fair Labor Standards Act, 209 U.S.C. §§201, *et seq*. (hereinafter "FLSA"), states and alleges as follows:

1. The jurisdiction of this Court is conferred by 29 U.S.C. § 216(b) to recover equal pay and benefits for equal work and an additional amount, equal to the difference in pay and benefits, as liquidated damages.

2. Jurisdiction to bring this action on behalf of Plaintiff is also vested in this Court by 28 U.S.C. § 1331.

3. Transportation District Commission of Hampton Roads d/b/a Hampton Roads Transit (hereinafter "HRT" or "Defendant") provides public transportation to the Hampton Roads area.

4. Defendant maintains a main office at 3400 Victoria Boulevard, Hampton, VA 23661, which is in this District and Division.

5. Plaintiff is an individual who resides in Hampton, Virginia.

6. Ms. Lovett is an "individual" employed by Defendant under 29 U.S.C. § 203(e)(1).

7. Defendant operates an "establishment" and "enterprise" under the EPA, and employed Plaintiff and her male comparator at its Norfolk headquarters.

8. Defendant hired Plaintiff in February 2012.

9. The annual gross volume of income of Defendant exceeds $500,000.00, and as such it is an "enterprise" as that term is defined under the EPA.

10. Defendant is subject to the provisions of the EPA and the FLSA.

11. Plaintiff performed work at Defendant's establishment in Norfolk on a job which required an equal degree of skill, effort and responsibility and was performed under similar working conditions as at least one male who worked along with her for Defendants.

12. The jobs at issue, if not identical were "substantially equal".

13. Plaintiff's job and the job of her male comparator shared a common core of "tasks."

14. Under the EPA, Defendant is prohibited from discriminating between employees on the basis of sex by paying wages and benefits to employees in an establishment at a rate less than the rate it pays to employees of the opposite sex in such establishment for equal work on jobs, the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

15. Defendant hired A.C. not long before Plaintiff.

16. Defendant paid A.C. at least $65,000.00 per year more than Plaintiff in compensation and benefits, and then, after her promotion and two pay raises, at least $40,000.00 per year more.

17. A.C. is a person of the opposite sex from Plaintiff who performed an equal job as Plaintiff for substantially greater compensation.

18. Plaintiff and her male comparator shared substantially similar training, ability and skills, all of which were required to perform the job.

19. Plaintiff has 25 plus years of a broad base of relevant experience in sales, project management, customer service, technology and leadership.

20. Plaintiff has successfully negotiated and closed the vast majority of all advertising sales for Defendant over the past four years.

21. Plaintiff was held responsible for performing tasks that were at the same level as the tasks performed by A.C.

22. While A.C. was given the title of Regional Sales Manager Plaintiff was the "De Facto" Regional Sales Manager.

23. Plaintiff performed her job as well as A.C.

24. A.C. often delegated his job duties to Plaintiff because Plaintiff performed them so well.

25. Plaintiff served as both the Adverting Coordinator and Sales Administrator at Defendant from 2012 through 2015, and then in 2016 her employer promoted her to Advertising Sales Manager.

26. Plaintiff was one of the only employees of Defendant that actually generated income for Defendant.

27. Plaintiff negotiated terms and pricing for 90% to 95% of all advertising clients and serviced those contracts from consultation to post-production for three years.

28. Plaintiff was first hired on the advertising team and has managed over 325 projects during the five years immediately preceding the filing of this suit.

29. Plaintiff has taken the lead in generating between $800,000.00 and $1,000,000.00 in revenue annually, averaging 65% to 70% annual profit margin for Defendant.

30. As a result of the foregoing pay disparity, Plaintiff received a lesser amount of retirement contributions and additional benefits than A.C.

31. Plaintiff began complaining to Defendant about the pay disparity in 2013.

32. In response to her periodic complaints, Defendant finally gave Plaintiff a promotion and two raises in 2016.

33. Still, Defendant continued to pay Plaintiff at least $50,000.00 less than A.C., so Plaintiff continued to complain about the pay disparity to her supervisors at Defendant.

34. Plaintiff's male comparator at all times earned at least $99,000.00 annually for doing comparable work by volume and by responsibility as Plaintiff.

35. In 2016 after Plaintiff continued to complain about her relatively low pay, she began to be excluded from or not notified about meetings that concerned advertising sales.

36. In May 2016 organization title changes were made by human resources and Plaintiff's title was changed from Advertising Sales Manager to Advertising Sales Specialist.

37. While Plaintiff's pay and duties remained the same, Plaintiff is the only employee in all the administration with a change from manager to specialist who still has an employee reporting to her.

38. Plaintiff's job required more technical skills and responsibilities and expenditure of hours than A.C.'s job.

39. Plaintiff at all times was a non-exempt, hourly employee of Defendant.

40. At all times material hereto Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

41. During the period June 2014 through August 2015 Plaintiff was paid $16.83 per

hour at first, then $17.00 per hour beginning July 2015.

42. Plaintiff's resulting overtime rate for the average of 20 hours per week of overtime that she worked was $25.24 at first, and then $25.50.

43. Until August 2015 Plaintiff worked through lunch most of the time.

44. Until August 2015 Plaintiff regularly worked from home.

45. Until August 2015 Plaintiff had to work for Defendant an average of 60 hours per week because she performed two jobs for her employer.

46. The best measure of the time spent by Plaintiff on her job is the work accomplished by her, the quality of that work and the significant revenue that Plaintiff was able to generate for her employer.

47. Plaintiff was never paid by Defendant time and a half for her overtime hours.

48. Defendant lacked a good faith and reasonable belief that its pay practices complied with the FLSA.

49. Defendant knew or should have known that its pay policies and practices were unlawful.

50. Defendant's unlawful conduct was repeated and willful.

**COUNT I – Claim for Equal Pay, Doubled, For Three Years**

51. Plaintiff repeats the foregoing allegations as if set forth at length herein.

52. Defendant paid Plaintiff substantially less than A.C. for equal work on jobs, the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions at the same establishment.

53. Defendant is liable for this pay disparity, doubled, because Defendant lacked a reasonable and good faith basis for paying Plaintiff less than the male comparator identified herein.

54. Defendant is also liable for the difference in pay, doubled, for a period of three years immediately preceding the filing of this Complaint because Defendant knew or showed reckless disregard for whether its pay practices violated the EPA. 29 U.S.C. § 255(a).

**COUNT II – Violation of the FLSA**

55. Plaintiff repeats the foregoing allegations as if set forth at length herein.

56. Plaintiff is entitled to thousands of hours of unpaid overtime compensation during the three years immediately preceding this lawsuit at the rate of time and a half her regular rate.

57. Plaintiff is also entitled to an award of double, liquidated damages in the amount of the overtime compensation due.

58. Every paragraph herein above is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff moves the Court for judgment against the Defendant, in the amount found to be due under the EPA during the period of Plaintiff's employment and within three years of the commencement of this lawsuit because Defendant acted willfully under 29 U.S.C. § 255(a); for an award of double, liquidated damages in the same amount of the back pay on the grounds that the Defendant had no good faith or reasonable belief its actions complied with the EPA under 29 U.S.C. § 216(b); for interest from the date of the failure to pay each installment of weekly compensation to Plaintiff; for an order requiring Defendant to recalculate Plaintiff's retirement benefits based on the higher earnings to which she was entitled, to reset the retirement benefits and make on behalf of Plaintiff any contributions required to the retirement plan, including but not limited to a lump sum payment to catch up all deficient payments; for reasonable attorney's fees authorized by the EPA; an additional award for retaliation for all damages permitted under the EPA; time and a half pay for each hour over 40 in a week during the three years immediately preceding the commencement of this lawsuit; liquidated damages;

pre-Judgment interest at the legal rate from the date of the failure to pay each installment of unpaid overtime compensation; post-Judgment interest at the legal rate; for the costs of this action, including expert witness fees and reasonable attorney's fees under 29 U.S.C. § 216(b); for equitable relief; and for such further relief as the Court deems appropriate.

TRIAL BY JURY IS DEMANDED.

**KIMBERLY T. LOVETT**,

DATE: June 30, 2017　　　　　　　　　BY:    /s/ Christopher Colt North
　　　　　　　　　　　　　　　　　　　　　　Of Counsel

Christopher Colt North
VSB # 16955
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com
*Counsel for Plaintiff*