IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

KIMBERLY T. LOVETT,

    Plaintiff,

v.                                                             Civil Action No. 4:17cv73

TRANSPORTATION DISTRICT COMMISSION
OF HAMPTON ROADS,
d/b/a HAMPTON ROADS TRANSIT,

    Defendant.

## OPINION & ORDER

This matter comes before the Court pursuant to Plaintiff Kimberly T. Lovett's ("Plaintiff's" or "Lovett's") Motion to Stay. Doc. 4. For the reasons stated herein, the Court **GRANTS** the Motion to Stay.

### I. BACKGROUND

Plaintiff filed her Complaint in this Court on June 30, 2017. Doc. 1 ("Compl."). She alleged that Defendant Transportation District Commission of Hampton Roads d/b/a Hampton Roads Transit ("Defendant" or "HRT") violated the Equal Pay Act ("EPA") and the Fair Labor Standards Act ("FLSA"). See generally id.

Plaintiff filed the instant Motion to Stay on October 26, 2017. Doc. 5. Defendant filed a Motion to Dismiss on October 30, 2017. Doc. 6. After receiving an extension from the Court, Defendant responded in opposition to the instant Motion to Stay on November 15, 2017. Doc. 14. Plaintiff replied in support of the instant Motion to Stay on November 21, 2017. Doc. 17.

Plaintiff also amended her Complaint, with Defendant's consent, on November 28, 2017. See Doc. 19 ("Am. Compl."). She alleged the same two (2) claims for relief that she previously alleged. See id.

## II. LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "[P]roper use of this authority calls for the exercise of judgment which must weigh competing interests and maintain an even balance." Williford v. Armstrong World Indus., 715 F.2d 124, 127 (4th Cir. 1983) (citation and internal quotation marks omitted). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford, 715 F.2d at 127. "Specifically, a district court should consider three factors: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party.'" Sehler v. Prospect Mortg., LLC, No. 1:13cv473, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013) (quoting Johnson v. DePuy Orthopaedics, Inc., No. 3:12cv2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012)).

## III. ANALYSIS

Plaintiff requests a stay until March 5, 2018. Doc. 5 at 1. She states that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 3, 2017, regarding a Title VII claim based on the same facts as this litigation. Id. at 1, 4. She seeks the stay until the first business day following the expiration of the one hundred eighty (180) days for the EEOC to investigate the charge. Id. at 1.

Plaintiff has met her burden of demonstrating the need for a stay. The cases that Defendant cites where courts denied stays involve clearer patterns of delay. See, e.g., Arora v. James, No. 5:14cv18, 2015 WL 1352097, at *2 (D.S.C. Mar. 24, 2015) (case pending for almost a year). Here, the delay was only two (2) months, and the shortness of that delay suggests that negligence is more likely the cause of the delay than any intentional attempt to prolong the case.[1] Plaintiff is also correct that judicial economy favors combining claims that are based on essentially the same facts and that she could suffer claim preclusion in the absence of a stay. See, e.g., Wilkes v. Wy. Dep't of Employment Div. of Labor Standards, 314 F.3d 501, 505 (10th Cir. 2002), as amended (Jan. 14, 2003) (applying claim preclusion to a Title VII claim in light of judgment on EPA and FLSA claims). Plaintiff is incorrect in her assertion that she cannot seek an early Right to Sue letter, as there is no binding authority on point, and while the Western District of Virginia case she cited supports her argument, courts in the Eastern District of Virginia have thus far adopted the opposite view. See Taylor v. Cardiology Clinic, Inc., No. 4:14cv00046, 2015 WL 770439, at *3 (W.D. Va. Feb. 24, 2015) (finding that the EEOC cannot issue early right to sue letters, as Plaintiff asserts, and citing the relevant Eastern District authority with which it disagreed). Nevertheless, Defendant also cites no authority that seeking an early letter is a mandatory prerequisite to seeking a stay. See Doc. 14 at 2–3. Plaintiff need not seek unusual remedies such as early letters in order to meet the standard for a stay, especially where she only seeks a stay for the one hundred eighty (180) day period. Because judicial economy and the risk of severe prejudice to Plaintiff both clearly favor a stay, and because Defendant will suffer minimal prejudice from a short delay, the Court **GRANTS** the instant Motion to Stay.

---

[1] Plaintiff also indicated that she filed her case when she did because it is easier to meet the standard for two (2) years of damages than the standard for (3) years of damages, and she wanted to file this suit within two (2) years of the relevant conduct. Doc. 17 at 2

3

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Motion to Stay, Doc. 4, and **STAY** this case until **March 5, 2018**. The Court further **ORDERS** Plaintiff to file a status report regarding the Right to Sue letter on March 5, 2018.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November ~~4~~, 2017
December