**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**KIMBERLY T. LOVETT,**

         **Plaintiff,**

  v.                                    **Case No: 4:17 – cv – 00073**

**TRANSPORTATION DISTRICT COMMISSION**
**OF HAMPTON ROADS,**
**d/b/a HAMPTON ROADS TRANSIT,**

         **Defendant.**

**JOINT MOTION FOR SETTLEMENT APPROVAL OF FLSA CLAIM AND**
**MEMORANDUM IN SUPPORT THEREOF**

      Plaintiff Kimberly T. Lovett, by her attorney, and Defendant Transportation District Commission of Hampton Roads d/b/a/ Hampton Roads Transit, by its attorney, move the Court to enter an Agreed Order (attached hereto) approving the proposed Settlement Agreement and General Release, and in support thereof state as follows:

## I.     Procedural History

      1.     This action was brought pursuant to Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*., seeking unpaid overtime and an equal amount in liquidated damages as provided by 29 U.S.C. § 216(b).

      2.     In Plaintiff's original Complaint she also asserted a discrimination and retaliation claim under the Equal Pay Act ("EPA"), and later amended her Complaint to assert gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").

      3.     The EPA and Title VII discrimination claims were based on the allegations that the Plaintiff was entitled to be compensated at the same rate as her male

1

supervisor and that Defendant's failure to do so was a result of gender discrimination.

4.     The EPA and Title VII retaliation claims were based on several alleged adverse employment actions that occurred during the pendency of her EEOC charge.

5.     Defendant filed an Answer to the Second Amended Complaint maintaining that it paid Plaintiff her legal and proper wages for all hours worked at Defendant and that she was not entitled to be compensated at the rate of her male supervisor.

6.     The parties exchanged Initial Disclosures pursuant to Federal Rules of Civil Procedure (F.R.C.P.) 26, and both parties propounded, objected to, and responded to Interrogatories and Requests for Production from the opposing party.

7.     Defendant produced nearly 1,000 pages of documents.

8.     The parties engaged in a settlement conference with the Court on October 30, 2018, where after five hours of negotiation, the parties reached a settlement of all claims for which they now seek Court approval for the FLSA Claim.

9.     The parties also engaged in preliminary settlement discussions and exchange of documents upon the filing of the original Complaint.

## II.     Factual Background

10.     Defendant is a governmental entity, created statutorily, which provides transportation services throughout Hampton Roads.

11.     Plaintiff became employed with Defendant in 2012 as an Advertising Coordinator before being transferred to a Sales Administrator in October 8, 2012.

12.     In March of 2016, Defendant reclassified Plaintiff as an Advertising Sales Manager, a salaried, exempt position, which Plaintiff concedes was a correct classification.

13.     Between June 30, 2014 through July 19, 2015, Defendant paid Plaintiff an hourly

rate of $16.83 and then, between July 20, 2015 and March 12, 2016, Defendant paid Plaintiff an hourly rate of $17.00.  The parties agree that she is a covered employee under the FLSA, eligible for overtime pay.

14.    Plaintiff claims that for a period of time where the Advertising Coordinator position she supervised was vacant, she engaged in overtime work for her employer for which she was not compensated, including working from home.

15.    Plaintiff has proffered that she worked approximately twenty uncompensated hours per week on average.

16.    Plaintiff has minimal records establishing any uncompensated overtime; although she has produced some electronic data to indicate some work outside regular work hours.

17.    Defendant contends that any email records showing work performed outside of regular hours reflect *de minimis*, non-compensable work.

18.     Defendant contends that Plaintiff did not request overtime payment pursuant to policy, and it would not have known of her overtime work as she regularly worked from home and the electronic records Defendant produced reflect her time in the building did not exceed eight hours a day.

19.    The parties have agreed that the FSLA Claim will be reserved upon payment of the sum of Twelve Thousand and Five Hundred Dollars ($12,500.00), less applicable taxes and withholdings will be payable to Ms. Lovett as wages, and for which HRT will issue Ms. Lovett a W-2 form, and Twelve Thousand and Five Hundred Dollars ($12,500.00), will be payable to Ms. Lovett attributable as liquidated damages, and for which HRT will issue Ms. Lovett a 1099 form. Five Thousand Dollars ($5,000.00) is attributable to legal services provided to the Fair

Standards Act Claim, if approved by the Court.

20.    The parties submit that the proposed settlement is fair and reasonable under these circumstances.

### III.    The Court Should Approve Settlement

21.    All FLSA settlements must be approved either by the United States Department of Labor or the Court. *Lomascolo v. Parson Brinckerhoff, Inc.*, 1:08cv1310, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009).

22.    Such approval is required for both class actions and individual cases, such as the one here. *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09cv58, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010).

23.    A proposed settlement should be approved if it reflects a reasonable compromise over issues actually in dispute. *Galvez v. Americlean Servs. Corp.*, No. 1:11cv1351, 2012 WL 1715689, at *2 (E.D. Va. May 15, 2012).

24.    To determine whether the settlement is fair, the Court should consider 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel representing plaintiff; 5) the probability of plaintiffs success on the merits; and 6) the amount of settlement in relation to the potential recovery. *Patel v. Barot,* 15 F. Supp. 3d 648, 656 (E.D. Va. 2014).

25.    Here, though depositions were scheduled but not taken, the parties conducted substantial written discovery and received substantial information in response.

26.    The case is scheduled for trial commencing April 4, 2019.

27.    Under the circumstances, the litigation would be much more expensive than the

settlement which the parties reached.

28.    The probability of Plaintiff's success on the merits of her FLSA claim is decidedly uncertain, as the evidence of her claim is limited primarily to her own recollection and estimation of overtime hours worked.

29.    There is no evidence of fraud or collusion in the settlement as both parties were represented by competent counsel and reached the settlement agreement with the assistance of a Magistrate Judge in a court provided settlement conference.

30.    Counsel for Plaintiff has attached as **Exhibit A** his Declaration which describes his experience with FLSA and employment litigation including approximately 50 such cases in the past, many of which involved complex, putative class actions.

31.    Attached as **Exhibit B** is an itemized statement of tasks performed and the amount of time billed for each task by him as attorney for Plaintiff.

32.    Attached as **Exhibit C** is the Declaration of Josh David confirming that the hours devoted to the case and the hourly rates charged by counsel are within the prevailing market rate for attorneys in the relevant community for the type of work for which counsel seeks an award. The Defendant does not contest the hourly rate charged.

33.    The Judge considering this Joint Motion may consider his own knowledge of the prevailing market rates in the community. *Starnes v. Hill*, 635 F.Supp. 1270, 1272 (W.D.N.C. 1986).

34.    The attorney's fees charged by Plaintiff's firm are at the rate of $400.00 per hour, which this Court has previously authorized.

35.    The $5,000.00 fee attributable to the FLSA claim represents 20% of the recovery attributable to Plaintiff's FLSA claim, which is discounted from the contracted fee of 40% in light

of the difficulty recovering liquidated damages and the third year of overtime wages, which contained the majority of her alleged overtime hours upon the facts described above, which has been taken into consideration in the settlement negotiations.

36.     Plaintiff's counsel agreed to represent Plaintiff on a 40% contingent fee, and thus risked the possibility of obtaining no attorney's fees.

37.     Another consideration is whether the Plaintiff's lawyer gave up other work to pursue this individual FLSA claim.

38.     His Declaration demonstrates that he maintains an extensive Fair Credit Reporting Act (FCRA)/employment law practice, and this took a substantial number of hours away from that endeavor.

39.     The law firm representing Plaintiff is one of only a handful in Virginia whose practice is dedicated to Plaintiff's employment law.

40.     The jointly proposed Consent Order, seeking approval of the FLSA Claim will result in the full and final resolution of this Claim, and now that the FLSA Claim and all other Claims must be dismissed with prejudice, is attached as **Exhibit D**.

WHEREFORE, the parties jointly, by their respective counsel, request that this Court  grant this Joint Motion for Settlement Approval.

By:   /s/ Christopher Colt North
       Christopher Colt North,
       VSB# 16955
       The Consumer & Employee Rights Law Firm, P.C.
       5629D George Washington Memorial Highway
       Yorktown, VA 23692
       Phone: (757) 873-1010
       Fax: (757) 873-8375
       Email: cnorthlaw@aol.com
       *Counsel for Plaintiff*

6

By:   /s/ Ann K. Sullivan
Ann K. Sullivan, Esq., VSB No. 17762
Melissa Morris Picco, VSB # 43046
Deborah Y. Collins, VSB No. 82835
SULLIVAN LAW GROUP, PLC
Wells Fargo Center
440 Monticello Avenue, Suite 1841
Norfolk, Virginia 23510
(757) 955-8545
(757) 955-8501 (fax)
asullivan@asksullivan.com
mpicco@asksullivan.com
dcollins@asksullivan.com
*Counsel for Defendant*