

FILED
IN OPEN COURT

JAN 1 6 2019

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

KIMBERLY T. LOVETT,

       Plaintiff,

v.                              Case No: 4:17 – cv – 00073

TRANSPORTATION DISTRICT COMMISSION
OF HAMPTON ROADS,
d/b/a HAMPTON ROADS TRANSIT,

       Defendant.

## AGREED ORDER OF SETTLEMENT AND RELEASE

THIS DAY came the parties, by counsel, jointly seeking approval of the settlement reached in this case and, as part of the settlement, entry of an order dismissing this case with prejudice; and

IT APPEARING TO THE COURT that the settlement is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA") and fully consistent with the terms and purposes of the FLSA;

The Court hereby orders that the parties' Joint Motion for Settlement Approval is GRANTED and the parties' proposed settlement related to the FLSA Claim referred to in the Motion is APPROVED. As the settlement agreement provides for a complete release of all claims between the parties, the Court further ORDERS that this action be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Entered this **16** day of ~~December, 2018.~~ January 2019

                                     /s/
                              Henry Coke Morgan, Jr.
                              Senior United States District Judge

WE ASK FOR THIS:


/s/  Christopher Colt North
Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
5629D George Washington Memorial Highway
Yorktown, VA 23692
Phone: (757) 873-1010
Fax:   (757) 873-8375
Email: cnorthlaw@aol.com


/s/ Ann K. Sullivan
Ann K. Sullivan, Esq., VSB No. 17762
Melissa Morris Picco, VSB # 43046
Deborah Y. Collins, VSB No. 82835
SULLIVAN LAW GROUP, PLC
Wells Fargo Center
440 Monticello Avenue, Suite 1841
Norfolk, Virginia 23510
(757) 955-8545
(757) 955-8501 (fax)
asullivan@asksullivan.com
mpicco@asksullivan.com
dcollins@asksullivan.com
*Counsel for Defendant*

CONFIDENTIAL

*HHM,*
*1/16/19*

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between the Transportation District Commission of Hampton Roads d/b/a Hampton Roads Transit ("HRT") and Kimberly T. Lovett ("Ms. Lovett") (collectively "Parties").

## RECITALS

WHEREAS, certain disputes and differences have arisen between the parties resulting in Ms. Lovett commencing a civil action against HRT currently pending in the United States District Court for the Eastern District of Virginia, Norfolk Division, Civil Action No. 4:17cv73 (the "Civil Action"):

WHEREAS, HRT denies that it engaged in any unlawful conduct or other wrongdoing;

WHEREAS, the parties recognize the mutual benefit of compromise and of avoiding the burden, delay, risk and cost of litigation; and

WHEREAS, the parties hereto desire to completely resolve and settle all disputes and claims relating to Ms. Lovett's employment with HRT, her compensation while employed by HRT, and all claims which were or could have been asserted by Ms. Lovett relative to her employment with or by HRT.

NOW THEREFORE, in consideration of the above recitals and in further consideration of the mutual promises and undertakings set forth herein, Ms. Lovett and HRT, intending to be bound legally, agree as follows:

1.   RELEASE OF CLAIMS

(a) Ms. Lovett, and for herself, her heirs, executors, administrators and assigns, for and in consideration of the undertakings of HRT set forth herein, and intending to be legally bound, does hereby agree to dismiss, with prejudice, the Civil Action as against HRT and to **REMISE, RELEASE, AND FOREVER DISCHARGE** HRT, its associated entities, parents, subsidiaries Commissioners, member Cities and affiliated corporate entities, and its and their officers, directors, legal counsel, insurers, employees and agents, and their respective predecessors, successors and assigns, heirs, executors, and administrators (hereinafter collectively "Releasees") from all causes of action, suits, debts, claims and demands whatsoever, in law or in equity, which Ms. Lovett, her heirs, executors, administrators or assigns ever had, now have or may have, by reason of any matter, cause, or thing whatsoever, whether known or unknown, from the beginning of time until the date of this Agreement including, but without limitation of the foregoing general terms, all claims which were raised or could have been raised by her in the Civil Action, and all claims arising from or relating in any way to her employment with and compensation by HRT, including, but not limited to, all claims arising under the Fair Labor Standards Act, 209 U.S.C. §§ 201 *et seq.*, the Equal Pay Act, 29 U.S.C. § 206, Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act (ADEA), Older Worker benefit Protection Act and all other claims under any federal

*KL* Page 1 of 8

*KT*

or state common law, statutory, or regulatory provision, all tort and breach of contract claims, and all claims for attorneys' fees and costs. This release specifically includes, but is not limited to, any and all claims for back pay, front pay, compensatory, punitive and liquidated damages, and attorneys' fees and costs.

(b) Ms. Lovett acknowledges that she has filed the Civil Action against HRT and agrees that all claims which she has made or could have made in connection with the Civil Action and all amounts she claimed or could have claimed in connection with the Civil Action are included in the claims released, acquitted and forever discharged in paragraph 1(a) of this Agreement.

2.    CONSIDERATION

In consideration of execution of this Agreement by Ms. Lovett, and her agreement to be legally bound by its terms:

(a) HRT will pay to Ms. Lovett the amount of Ninety Thousand Dollars ($90,000.00), inclusive of attorneys' fees and costs (the "Payment"). The Payment shall be allocated as follows:

    1.   Twenty-Five Thousand Dollars ($25,000.00) in relation to the Fair Labor Standards Act, if approved by the Court, of which:

        i.   Twelve Thousand and Five Hundred Dollars ($12,500.00), less applicable taxes and withholdings, will be payable to Ms. Lovett as wages, and for which HRT will issue Ms. Lovett a W-2 form, and

        ii.   Twelve Thousand and Five Hundred Dollars ($12,500.00) will be payable to Ms. Lovett attributable as liquidated damages, and for which HRT will issue Ms. Lovett a 1099 Form;

    2.   Twenty-Five Thousand Dollars ($25,000.00) for attorneys' fees, payable to The Consumer & Employee Rights Law Firm, P.C., for which HRT will issue The Consumer & Employee Rights Law Firm, P.C. a 1099 Form, of which:

        i.   Five Thousand Dollars ($5,000.00) is attributable to services provided in relation to the Fair Labor Standards Act claim, if approved by the Court, and

        ii.   Twenty Thousand Dollars ($20,000.00) is attributable to services provided in relation to the Equal Pay Act and Title VII claims;

    3.   Forty Thousand Dollars ($40,000.00) attributable as compensatory damages, payable to Ms. Lovett and for which HRT will issue Ms. Lovett a 1099 Form.

(b) Within thirty (30) days following the expiration of the revocation period applicable to

*KL* Page 2 of 8
*LET*

this Agreement, HRT will submit the payments to The Consumer & Employment Law Firm, P.C. and Ms. Lovett respectively as set forth in paragraphs 2(a)(2)(ii) and 2(a)(3). Ms. Lovett agrees that she will voluntarily dismiss her Title VII and EPA claims in the Civil Action within ten (10) days following the expiration of the revocation period applicable to this Agreement.

(c) Within thirty (30) days following each of: (a) the District Court's approval of the settlement of the Civil Action, and (b) the dismissal of the Civil Action with prejudice (the "Conditions of Payment"), HRT will submit the payments to Ms. Lovett and the Consumer & Employment Law Firm, P.C. respectively as set forth in paragraphs 2(a)(1) and 2(a)(2)(i) above. The Parties agree they will work together, by their legal counsel, to promptly and without delay do what is necessary to first obtain the District Court's approval of the settlement of the Civil Action, and then to dismiss the Civil Action with prejudice. The thirty (30) day period for the submission of the payment set forth in paragraphs 2(a)(1) and 2(a)(2)(i) will run from the date the last of the two Conditions of Payment is satisfied.

(d) Ms. Lovett agrees that HRT's obligations to make the payments set forth in paragraphs 2(a)(1) and 2(a)(2)(i) are contingent upon each of the Conditions of Payment being satisfied. Ms. Lovett agrees that she will not voluntarily participate in any subsequent litigation regarding these matters. The Parties agree that if the District Court refuses to approve the settlement of the Civil Action this Agreement will be null and void and of no effect as to her FLSA claim and HRT will not be required to submit the payments set forth in paragraphs 2(a)(1) and 2(a)(2)(i), however, this Agreement will remain in full force and effect as to Ms. Lovett's EPA, Title VII, and retaliation claims.

(e) Ms. Lovett represents that upon receipt of the Payment, she will have received all amounts from HRT that she could have recovered in connection with the Civil Action, and all amounts that may be due to her from HRT.

(f) In the event that Ms. Lovett's allocation, as set forth in Paragraph 2(a) is challenged, amended or otherwise recharacterized, resulting in tax liability to either her or HRT, Ms. Lovett agrees that she is solely and completely responsible for any tax penalty and interest and penalties, if any, incurred by her or HRT, which may arise as a result of the characterization of the Payment described in Paragraph 2(a)., except that HRT will pay any taxes assessed against it as the employer, and Ms. Lovett agrees to pay and to indemnify and hold HRT harmless for any tax penalties and interest in connection therewith and to pay all taxes assessed against her as a former employee.

3.   NO LIABILITY

Nothing contained in this Agreement is or shall be construed as an admission or evidence of any wrongdoing or liability on the part of HRT, its associated entities, parents, subsidiaries, Commissioners, member Cities and affiliated corporate entities, and its and their officers, directors, legal counsel, insurers, employees and agents, and their respective predecessors, successors and assigns, heirs, executors, and administrators, or as a violation of any federal, state, local or municipal statute, or regulation. HRT expressly denies any wrongdoing of any kind in

connection with Ms. Lovett's employment or compensation.

4.    CONFIDENTIALITY OF AGREEMENT AND HRT INFORMATION

(a) Ms. Lovett agrees to treat the existence and details of her settlement with HRT and this Agreement in strict confidence and agrees that she will not disclose the existence or details of her settlement or this Agreement, except as required by the District Court, court order, or the law, or as needed to her attorney or accountant. In response to any inquiry Ms. Lovett may receive with regards to this settlement, Ms. Lovett agrees to respond only that the matter has been resolved to the mutual satisfaction of the parties, or words to that effect, providing no further details of the settlement. Any violation of this confidentiality provision by Ms. Lovett shall give rise to an absolute right of HRT to seek any other such relief to which it maybe entitled in equity or law.  Should it become necessary for HRT to file suit under this paragraph, and should HRT prevail on such suit, Ms. Lovett shall pay to HRT its reasonable attorneys' fees and costs in connection with such suit.

(b) Ms. Lovett agrees that she will not at any time, directly or indirectly, disclose any Confidential Information belonging to or related to HRT to any persons, third parties or organizations or otherwise use such Confidential Information for her own benefit or the benefit of others.  For purposes of this Agreement, "Confidential Information" is defined as and includes any and all proprietary information, confidential business information and/or trade secrets which became known to you as an employee of HRT and remains the property of HRT.  Such "Confidential Information" includes, but is not limited to, any materials, client, customer or vender lists, advertising accounts, business records, books, financial information, handbooks, products, designs, plans, ideas, software, personnel information and any other data, information or records of or belonging to HRT and/or its clients, customers, or vendors.

5.    MUTUAL NON-DISPARAGEMENT

Ms. Lovett agrees that she will not make any defamatory comment, orally or in writing, about any Releasee or any of Releasees' former or current officers, directors, employees, counsel or representatives.  HRT's managers who are currently employed and who supervised Ms. Lovett during her employment with HRT agree that they will not make any defamatory comment, orally or in writing, about Ms. Lovett.

6.    RESIGNATION

HRT accepts Ms. Lovett's resignation, effective October 30, 2018.  Ms. Lovett agrees that she will not return to the HRT Norfolk office location except to retrieve her personal belongings at a time pre-arranged with the Director of Human Resources.  The Parties agree that HRT willpay to Plaintiff her accrued vacation, if any, and three (3) days bonus time upon execution of this Agreement.

7.    NO RE-EMPLOYMENT OR REINSTATEMENT

Ms. Lovett expressly renounces any interest in present or future employment with HRT or

any affiliated or related companies and has no interest in such employment. Ms. Lovett, therefore, agrees not to apply for employment with HRT, or any affiliated or related entities. Ms. Lovett agrees that HRT has no obligation to re-employ Ms. Lovett.

## 8.   EMPLOYMENT REFERENCE

HRT agrees to provide Ms. Lovett with a neutral employment reference, upon request. If requested to provide an employment reference or any other information regarding Ms. Lovett or her employment, HRT will only provide information regarding the position(s) held, the dates of her employment.

## 9.   REMEDIES.

Ms. Lovett acknowledges that her failure to adhere strictly to the requirements of this Agreement will cause substantial and irreparable harm to HRT and that the damages caused by a breach are difficult or impossible to measure. Ms. Lovett agrees that in the event of her breach, HRT, in addition to such other rights and remedies it may have, will immediately be entitled to an order granting injunctive relief from any court of competent jurisdiction against any act which would violate any such provision, without the necessity of posting a bond, and she waives any defense to an application for such order, except that the violation did not occur. Ms. Lovett agrees that HRT will be entitled to an award of reasonable attorneys' fees in the event that it is successful in an application for injunctive relief or in an action based upon breach of the foregoing provisions.

## 10.   ENTIRE AGREEMENT

Ms. Lovett agrees that this Agreement contains the entire agreement of the Parties with respect to the subject matter hereof and merges all prior negotiations, agreements and understandings, if any. Ms. Lovett represents and acknowledges that in executing this Agreement, she does not rely upon any representation or statement not set forth herein with regard to the subject matter, basis, or effect of this Agreement, or otherwise. No modification, release, discharge or waiver of any provision of this Agreement shall be of any force or effect unless made in writing and signed by all Parties and specifically identified as a modification, release or discharge of this Agreement.

## 11.   ASSIGNMENT

HRT's rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon its and their successors and assigns. HRT may assign this Agreement without the consent of Ms. Lovett and without notice to Ms. Lovett. Ms. Lovett shall not be entitled to assign any of her rights or obligations under this Agreement.

## 12.   GOVERNING LAW

This Agreement is made and entered into in accordance with the laws of the Commonwealth of Virginia and shall in all respects be interpreted, enforced and governed under Virginia law.

Page 5 of 8

13.    COUNTERPARTS

This Agreement may be executed in any number of counterparts, and with electronic or digital signatures or transmittals, with the same effect as if all of the Parties hereto had signed the same document. All counterparts shall be construed together and shall constitute one agreement.

14.    INTERPRETATION

Each Party and each Party's counsel has reviewed this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in any interpretation of this Agreement. Any reference herein to the singular shall include the plural and vice versa and reference to the male, female or neuter gender shall include reference to all other genders. This Agreement's headings are only for reference and do not affect this Agreement's interpretation.

15.    STRICT PERFORMANCE

No failure by any Party to insist on strict performance of this Agreement in any instance will be deemed a waiver or relinquishment of its right to seek strict performance and the Agreement will continue in full force and effect.

16.    SEVERABILITY

If any of the provisions, terms or clauses of this Agreement are declared illegal, invalid, unenforceable, or are not approved by the court, under present or future laws, then the remainder of the Agreement shall not be affected thereby, and in lieu of each provision, term or clause of this Agreement which is illegal, invalid, or unenforceable, or not approved by the Court as received there shall be added, as part of this Agreement, a provision, term or clause as similar in terms to such illegal, invalid or unenforceable provision, term or clause as may be possible and as may be legal, valid and enforceable.

17.    OWBPA

(a) Ms. Lovett understands that she has twenty-one (21) days from the date of her receipt of this Agreement to consider her decision to sign it, and that she may unilaterally waive this period at her election. The Parties have agreed that the Agreement will be executed by November 2, 2018. Ms. Lovett's signature on this Agreement constitutes an express waiver of the twenty-one (21) day period if affixed prior to the expiration of that period. By signing this Agreement, Ms. Lovett expressly acknowledges that her decision to sign this Agreement was knowing and voluntary and of her own free will and with the advice of counsel. The Parties agree that any revisions or modifications to this Agreement, whether material or immaterial, will not and did not restart this time period.

Page 6 of 8

(b) Ms. Lovett acknowledges that she may revoke this Agreement only as it pertains to claims under the Age Discrimination in Employment Act ("ADEA") for up to and including seven (7) days after her execution of this Agreement, and that the aspects of this Agreement regarding her release of claims under the ADEA shall not become effective until the expiration of seven (7) days from the date of her execution of this Agreement. Ms. Lovett expressly agrees that, in order to be effective, her revocation pursuant to this Paragraph must be in writing and actually received by Sullivan Law Group, PLC, counsel for HRT, at 440 Monticello Avenue, Suite 1841, Norfolk, Virginia, 23510 by 5:00 p.m. on or before the seventh day following her execution of this Agreement. The Parties agree that, to the extent that any provision of this Agreement is determined to be in violation of the Older Workers Benefit Protection Act ("OWBPA"), it should be severed from the Agreement or modified to comply with the OWBPA, without affecting the validity or enforceability of any of the other terms or provisions of the Agreement.

18.   **FLSA**

The Parties agree that, to the extent that any provision of this Agreement related to the FLSA claim is not approved by the court, it should be severed from the Agreement, without affecting the validity or enforceability of any of the other terms or provisions of the Agreement.

19. **VOLUNTARY AND REASONABLE/REVOCATION**

Ms. Lovett hereby certifies and acknowledges that:

a.      she has signed this Agreement voluntarily and knowingly in exchange for the consideration described herein, which is adequate and satisfactory to her;

b.      she has carefully read and understood all of the terms of this Agreement;

c.      she has consulted with her attorney before signing this Agreement;

d.      HRT has provided her an adequate amount of time after the date she received this Agreement to review and consider it;  and

e.      HRT, nor any of its agents, representatives, insurers, employees, or attorneys, has made any representation to Ms. Lovett concerning the terms or effects of this Agreement other than those contained herein.

*[Signature page to follow]*

Page 7 of 8

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the parties have executed the foregoing Agreement.

WITNESS:_____

*Kimberly T. Lovett*
KIMBERLY T. LOVETT

Date: _12/3/18_

TRANSPORTATION DISTRICT COMMISSION OF HAMPTON ROADS D/B/A HAMPTON ROADS TRANSIT

By:_Robert E. Travicus, IV, Esq._

Title: _CORPORATE   COUNSEL_

Date: _12/04/18_